

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0120-19

**TALAWRENCE DONYEA TENNELL, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FIRST COURT OF APPEALS**
**BRAZOS COUNTY**

KELLER, P.J., filed a dissenting opinion in which HERVEY, YEARY and SLAUGHTER, JJ., joined.

The Court summarily grants review, vacates the court of appeals's decision, and remands the case to that court to address issues regarding the admissibility of a medical intake form filled out by a paramedic at the jail. We should not keep this case in appellate orbit because, for reasons briefly discussed below, this medical intake form was obviously admissible, and its admission was, in any event, harmless.

When he was taken to jail, Appellant was brought before a paramedic to provide medical

information. The paramedic asked Appellant questions, and then the paramedic recorded the answers to those questions on a form. The basic issue is whether statements on this form were admissible under an exception to the hearsay rule.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.[1] If evidence involves multiple levels of hearsay, each level must satisfy an exception to the hearsay rule.[2] The statements on the form are out-of-court statements on two levels: (1) Appellant made the statements to the paramedic, and (2) the paramedic wrote the statements on the form. Statements made by Appellant are considered "not hearsay" because they are party-opponent admissions.[3] If the paramedic had testified from memory about these statements, they would be admissible on that basis alone. However, though the paramedic testified that she had "some memories" of the interview, she stated that she was "going by the form that I filled out." So the second level in which the statements are out-of-court—the paramedic writing the statements on the form—must satisfy a hearsay exception.

One exception to the hearsay rule is for business records.[4] The record at trial clearly shows that the State satisfied all the predicates for showing that the filled-out form was a business record. There is a "law enforcement" exclusion from a different hearsay exception—public records—that this Court has construed to also apply to business records.[5] A statement does not count as a public

---

[1]  TEX. R. EVID. 801(d).

[2]  TEX. R. EVID. 805.

[3]  TEX. R. EVID. 801(e)(2)(A).

[4]  TEX. R. EVID. 803(6).

[5]  *See* TEX. R. EVID. 803(8)(A)(ii) (law-enforcement exclusion); *Cole v. State*, 839 S.W.2d 798 (Tex. Crim. App. 1990).

record (or business record) if it is about "a matter observed by law-enforcement personnel."[6] The paramedic, however, was not law-enforcement personnel. She worked at the jail, but she was a civilian employee.[7] So the filled-out form qualified as a business record, and consequently, the statements on the form were admissible.

But even if the statements were not admissible, they supported Appellant's defensive theory that he was under the influence of PCP when he killed the victim. Consequently, any error in admitting them was harmless.

This is a simple case that the court of appeals made more complex than necessary, but the court of appeals was correct in concluding that the evidence was admissible, and even if it were not, the harmlessness of any error is clearly apparent. There is no need to remand for further resolution. I respectfully dissent.

Filed: June 26, 2019

Do not publish

---

[6] *See supra* at n.5.

[7] *See Garcia v. State*, 868 S.W.2d 337, 341 (Tex. Crim. App. 1993) (In general, medical examiners are not law enforcement personnel for purposes of the public-records hearsay exception because they have no inherent motivation to distort the results of their reports and their reports are not prepared in an adversarial context.); *Halprin v. State*, 170 S.W.3d 111, 116 (Tex. Crim. App. 2005) (referring to two different witnesses as "civilian employee[s]" of the Texas Department of Criminal Justice in a prison-escape case). Before she worked at the jail, the paramedic in this case worked for Legacy EMS.